UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE<br>2706 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE JOINT APPRENTICE AND TRAINING FUND<br>2702 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE ANNUITY FUND<br>2791 Southampton Road - Suite 1<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE PENSION FUND<br>2791 Southampton Road - Suite 1<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE HEALTH AND WELFARE FUND<br>2791 Southampton Road - Suite 1<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYER & TROWEL TRADES INTERNATIONAL PENSION FUND<br>620 F Street, N.W., Suite 700<br>Washington, D.C.  20004<br>                              Plaintiffs, | Case No. |

|  |  |
|---|---|
| v. | : |
|  | : |
| CRINITI CONSTRUCTION, INC. | : |
| 2712 Grays Ferry Avenue – Unit D | : |
| Philadelphia, PA 19146 | : |
|  | : |
| and | : |
|  | : |
| JOE CRINITI, Individually & As Owner Of | : |
| CRINITI CONSTRUCTION, INC. | : |
| 2712 Grays Ferry Avenue – Unit D | : |
| Philadelphia, PA 19146 | : |
| Defendants. | : |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action to enforce Defendants' contractual obligation to comply with the terms of the Collective Bargaining Agreement executed with Bricklayers and Allied Craftworkers Local 1 of PA/DE, and to enjoin violations of the terms of the Agreement. The court has jurisdiction of this action under § 301(c) of the LMRA, 29 U.S.C. § 185(c), and § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and 28 U.S.C. §§ 1331 and 1337 providing for original jurisdiction in the District Courts of the United States in Civil Actions.

2. Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to § 301(c) of the LMRA, 29 U.S.C. § 185(c), and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) since Plaintiffs reside and maintain their administrative offices in the Eastern District of Pennsylvania.

### PARTIES

3. Plaintiff Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC-1" or "Union") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §

185(a); and an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

4. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health & Welfare, Joint Apprentice and Training, Pension, Annuity Funds ("Local Trust Funds"); and the Board of the Trustees of the Bricklayer and Trowel Trades International Pension Fund ("International Trust Fund") are multiemployer benefit plans as that term is defined in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37). The Local Trust Funds and International Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust, and are provided for in the Collective Bargaining Agreement between the Bricklayers and Allied Craftworkers Local 1 of PA/DE and the Defendants. The Local Trust Funds are administered by the Trustees of the Local 1 Health & Welfare Fund, 2791 Southampton Road - Suite 1, Philadelphia, PA 19154; the Trustees of the Local 1 of PA/DE Joint Apprentice and Training Fund, 2702 Black Lake Place, Philadelphia, PA 19154; the Trustees of the Local 1 Annuity Fund, 2791 Southampton Road - Suite 1, Philadelphia, PA 19154; and the Trustees of the Local 1 Pension Fund, 2791 Southampton Road - Suite 1, Philadelphia, PA 19154. The International Trust Fund is administered by the Trustees of the Bricklayer and Trowel Trades International Pension Fund, 620 F Street, N.W., Suite 700, Washington, D.C. 20004.

5. Defendant Criniti Construction, Inc. (hereinafter "Criniti Construction") is believed and therefore averred to be a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and operating as a single or joint employer and/or an alter-ego of each other. Criniti Construction is an employer within the meaning of § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2) and § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Defendant Criniti Construction is also an employer within the meaning of § 3(5) of

ERISA 29 U.S.C. § 1002(5) and within the meaning of § 515 of ERISA, 29 U.S.C. § 1145, with its principal place of business located at 2712 Grays Ferry Avenue – Unit D, Philadelphia, PA 19146.

6. Defendant Joe Criniti is an adult citizen residing in the Commonwealth of Pennsylvania. This Complaint is brought against Joe Criniti in his individual capacity as well as in his capacity as Owner and chief officer of Criniti Construction. Upon information and belief, Joe Criniti exercises control and discretion over the payroll of Criniti Construction, including decisions regarding the collection and disbursement of any payroll deductions required under the collective bargaining agreement ("CBA"), Trust Documents, or as authorized by his employees. As such, Joe Criniti is a fiduciary to the BAC-1, the Local Benefit Funds and the International Funds as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

## FACTS

7. At all relevant times, Defendant Criniti Construction has been a party to a CBA requiring the payment of health and welfare, pension, annuity, vacation and apprenticeship benefits, union dues, building fund contributions and PAC contributions to BAC-1 and the Local and International Trust Funds.

8. The Employer, through its Owner, Joe Criniti, executed a CBA with the Bricklayers and Allied Craftworkers Local 1 of PA/DE establishing the terms and conditions of employment for those covered craftworkers employed by Criniti Construction.

9. Pursuant to its CBA, Criniti Construction agreed to pay to BAC-1, the Local Trust Funds and the International Trust Funds certain sums of money for each hour worked by all employees of Defendant covered by the CBA.

10. The CBA provides that upon signing:

> The Employer agrees to contribute to jointly administered benefit funds, as more fully set forth herein . . . and in each part of

4

> this Agreement applicable to a particular craft, such contributions as are required under this Agreement. Contributions shall be remitted and received at the Fund Office (Local and International), along with Employer Contribution Reports, not later than the 15th day of the month following the month in which the work was performed. Employer agrees to pay by electronic remittance and/or ACH debit transfer. Title to all monies paid into and/or due and owing to the Funds . . . shall vest in and remain exclusively in the Trustees of the Funds . . .

11. The CBA further provides that when an employer fails to make their contributions on time:

> [T]he Employer shall be assessed and required to pay interest at the rate of 12% per annum plus liquidated damages in the amount of 10 % of the principal amount due. In the event that delinquent contributions are referred to an attorney for collection, the Employer shall also be assessed and required to pay all attorney's fees and costs of collection.

12. Through the CBA, Criniti Construction is also bound to the Agreements and Declarations of BAC-1 Trusts (hereafter "Trust Agreements"), and the Statement of Policy for Collection of Delinquent Contributions (hereafter "Statement of Policy") of BAC-1 and the Local and International Trust Funds. The Trust Agreements provide that all employers who become party to the CBA and Trust Agreements agree to be bound by the decisions of the Trustees on contribution delinquencies.

13. The CBA provides:

> Contributions required under this Agreement shall become assets of each Fund as of the date on which they are earned and the Employer agrees that such contributions are held exclusively in trust for the applicable Fund as of the date on which they are due and owing to the Funds.

14. The CBA provides that the Board of Trustees, or their authorized agents, have the right, at any reasonable time, to examine any and/or all records of the Defendant employer to establish that all payments required under the terms of the CBA have been paid to the respective Funds.

5

15. The Trust Agreements state that if an employer is delinquent paying its contributions to the Benefits Plans, the Plans may seek personal liability against the individual owner(s) or principal(s) of the company. For example, the Health and Welfare Plan states that:

> In any action to recover, compel and enforce the payment of contributions as set forth in Section 7.2, the Trustees shall have the authority and right to seek personal liability against an owner, principal or officer of an Employer for breach of fiduciary duties with respect to the disposition of such contributions as assets of the Fund.

16. The Statement of Policy adopted by the Local Funds' Trustees provides that interest and liquidated damages are assessed on delinquent contribution amounts. Thus, the Statement of Policy establishes that:

> Interest owed by a delinquent employer shall be calculated from the Due Date for the delinquent Contributions, at the rate specified in the collective bargaining agreement. If there is no such rate specified, the rate shall be 12% per annum of the principle amount due . . . Liquidated damages shall be calculated from the Due Date and shall become due and owing on the 20th day of the month in which the contributions are due. The amount of the liquidated damages shall be a flat 10% of the delinquent contributions or $10.00, whichever is greater . . . Attorney's fees shall be assessed against a delinquent employer . . . [and] [a]ll costs actually incurred in court actions for collection of delinquent Contributions or to enforce the Trustee's [sic] right to audit the employer's payroll records shall be assessed against the delinquent employer, including, but not limited to, filing fees for service of process, transcript costs, copying charges, postage, and such other costs as would otherwise be charged to the Board of Trustees.

17. The CBA and the Statement of Policy for collection of delinquent contributions under which Defendants are bound further provides that all costs incurred in Court actions for collection of delinquent contributions shall be assessed against Defendants.

18. The amounts Defendants are delinquent cannot be determined until Defendants remit the required dues and benefits reporting forms allowing the Plaintiffs to determine the amounts outstanding.

**COUNT ONE**
**BREACH OF CONTRACT UNDER SECTION 301**
**OF THE LABOR MANAGEMENT RELATIONS ACT**
**AGAINST CRINITI CONSTRUCTION, INC. AND JOE CRINITI**

19. Plaintiffs incorporate by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Defendants executed a CBA with BAC-1.

21. Defendants to date have reported, but failed to pay $45,899.28 in principal contributions for work performed from October 2016 through April 2017. Defendants also owe $5,267.32 in interest for late contributions that were received for work performed between January 2014 and September 2016 and $9,272.05 in unpaid accrued interest resulting from continuing interest owed on the pay-down of an audit. In total, Defendants owe $60,528.65, plus liquidated damages on outstanding unpaid principal contributions, plus attorneys fees and costs.

22. Defendants' failure to pay benefit contributions and remit deducted, but unpaid, union dues and assessments constitute willful breaches of Defendants' contractual obligations and responsibilities to their employees who perform work pursuant to the above referenced Collective Bargaining Agreement and violates Section 301 of the LMRA.

**COUNT TWO**
**BREACH OF CONTRACT AND BREACH OF**
**STATUTORY OBLIGATIONS UNDER SECTION 515**
**OF ERISA 29 U.S.C. § 1145 AGAINST**
**CRINITI CONSTRUCTION, INC. AND JOE CRINITI**

23. Plaintiffs hereby incorporate by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Defendants' failure to pay outstanding contributions and interest as required under the terms of the Collective Bargaining Agreement, Agreement and Declaration of Trust between the Bricklayers & Allied Craftworkers Local 1 of PA/DE and the employer and the Statement of Policy for Collection of Delinquent Contributions of the Bricklayers & Allied Craftworkers Local

7

1 of PA/DE and related Fringe Benefit Funds and, thus, Defendants, jointly and severally, are in breach of their statutory obligations under Section 515 of ERISA, 29 U.S.C. § 1145.

25. Interest on the unpaid and outstanding principal benefit fund contributions continue to accrue at the rate of 12% per annum to the Local Plaintiff Funds and 15% per annum to the Plaintiff International Fund until all unpaid benefit fund contributions are paid in full.

26. Defendants' failure to remit deducted dues and assessments and to pay reported and unreported contributions and failure to fully comply with the terms of the CBA constitute a willful breach of Defendants' responsibilities to their employees who perform work pursuant to the terms of the Collective Bargaining Agreement and violates § 515 of ERISA, 29 U.S.C. § 1145.

## COUNT THREE
### BREACH OF CONTRACT UNDER § 301 OF LMRA AND BREACH OF FIDUCIARY DUTIES UNDER ERISA AS AGAINST JOE CRINITI IN HIS INDIVIDUAL CAPACITY

27. Plaintiffs hereby incorporate by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. At all relevant times herein, Defendant Joe Criniti served as the President and sole Owner of Defendant Criniti Construction and directed the corporation's financial operation and oversaw all other business activities of the corporation.

29. By virtue of exercising this power and control over the day to day financial and business affairs of Defendant Criniti Construction, including the power and responsibility to issue payroll checks to the employees of Criniti Construction, to deduct dues and to distribute portions of each employee's economic compensation to the various Plaintiff Funds, Defendant Joe Criniti has at all times herein acted as an employer as defined in § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2), and in § 3(5) of ERISA, 29 U.S.C.§ 1002(5) and as a fiduciary as that term is defined in § 3(21)(A)(i) and (iii) and § 515 of ERISA, 29 U.S.C. § 1002(21)(A)(i) and (iii)

and § 1145.

30. In failing to make the mandated payments to Plaintiffs and the required employee benefit fund contributions in a timely manner on behalf of the company's employees as set forth above, Defendant Joe Criniti wrongfully retained Union dues and other contributions to be held in trust for BAC Local 1 and the Plaintiff Funds and wrongfully converted the dues and benefit contributions to an improper use by the company and further failed to fulfill his fiduciary duty to make the mandated contributions in a timely manner for the participants in the employee benefit funds under their employ.

31. Pursuant to Article 6 of the Collective Bargaining Agreement, "Contributions … shall become assets of each fund as of the date on which they are earned and the Employer agrees that such contributions are held exclusively in trust for the applicable Fund as of the date on which they are due and owing to the Funds."

32. Through his wrongful conduct, Defendant Joe Criniti is personally liable for the amounts owed to the Plaintiffs and the interest, liquidated damages, costs and attorney fees owed to the Funds based on the agreements as set forth above.

## COUNT FOUR
## COMMON LAW CONVERSION AS
## AGAINST JOE CRINITI
## IN HIS INDIVIDUAL AND CORPORATE CAPACITY

33. Plaintiffs hereby incorporate by reference paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. At all relevant times herein, Defendant Joe Criniti exercised control over the assets of Defendant Criniti Construction, including writing checks on the accounts of the corporation and otherwise controlling the distribution of the corporation's liquid assets.

35. By willfully failing and refusing to deliver the required deducted dues and unpaid benefit contributions to Plaintiffs in a timely manner in accord with the Collective Bargaining

9

Agreement and trust agreements of Plaintiff Funds, thereby interfering with and depriving Plaintiffs of the possession and use of the contractually mandated payments and employee benefit contributions to which Plaintiffs were lawfully entitled, Defendant Joe Criniti wrongfully converted these funds to his own use and/or the use of Defendant Criniti Construction, without the consent of Plaintiffs and without any legal justification whatsoever.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of their participants and members, request judgment finding both Defendants Joe Criniti and Criniti Construction, individually, personally and jointly and severally liable, and issue an Order requiring that:

(a) Defendants Criniti Construction submit to a complete examination of Defendants' financial records through a Payroll Compliance Review, or audit, for the work period October 1, 2016 through the present by providing all documents requested by the auditor;

(b) Defendants pay the $45,899.28 in contributions owed for work performed from October 2016 through April 2017; $5,267.32 in interest for late contributions that were received for work performed between January 2014 and September 2016; $9,272.05 in accrued interest for payments received during the paydown period on a settlement agreement; accrued interest and liquidated damages to be determined on the unpaid principal contributions for the work performed from October 2016 through April 2017;

(c) Defendants pay all interest accrued or still accruing on all unpaid or late paid contributions to the present;

(d) Defendants pay all liquidated damages accruing on the unpaid contributions to the present;

(e) Defendants pay all contributions and liquidated damages which become due or

owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

(f)	Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DATE: June 13, 2017

s/Robert P. Curley
Robert P. Curley, Esquire
Attorney I.D. No. 55760

**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
rcurley@odonoghuelaw.com